## Bradley County *v.* Surgoine & Tibbs.

County Warrants. *How legal title acquired.* Holders of county warrants
negotiable by endorsement or written assignment, can bring no suit
in their own names to enforce their collection unless vested with
the legal title by endorsement or written assignment; a declaration,
therefore, setting out such warrants as the foundation of an action by
holders thereof by delivery merely, is defective and demurrable.

### FROM BRADLEY.

From the Circuit Court at Cleveland.

No record found.

Nicholson, C. J., delivered the opinion of the court.

Surgoine & Tibbs being the holders by delivery
without written assignment of a number of county

warrants issued by the Chairman of the County Court, drawn on the County Trustee, and payable to various individuals or their orders. These warrants or orders were transferred by delivery to Surgoine & Tibbs, who sued the county thereon in their own names, setting out the orders as the foundation of the suit, and making protest thereof. To this declaration the county demurred, assigning, among other causes of demurrer, that the declaration does not aver or show any legal liability of the defendant to the plaintiffs. The demurrer was overruled, and, upon a trial, the plaintiffs had judgment, from which the defendant appealed.

The orders are drawn by the Chairman of the Court upon the Trustee of the County, payable to J. H. Galbreath and various others. The orders are passed to Surgoine & Tibbs by delivery only, and they sue in their own names. No legal title passed by the delivery of the orders without written assignment. The demurrer reached this defect in the title of the plaintiffs, and ought to have been sustained. There is no count in the declaration except that based on the warrants or orders. To maintain their suit, the plaintiffs should have shown themselves vested with the legal title to the orders by endorsement or assignment of the payers thereof.

For this error the judgment is reversed and the cause remanded.